**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD KAYIAN,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN THOMPSON,<br><br>    Respondent. | Civil Action No. 24-9909 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

  This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Richard Kayian brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), and Rule 4 of the Rules Governing Section 2255 Proceedings to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of habeas jurisdiction.

I.     **BACKGROUND**

Petitioner is a convicted federal prisoner currently confined in FCI Fort Dix. (ECF No. 1 at 1.) In his habeas petition, Petitioner seeks to challenge two conditions of his confinement. First, Petitioner argues that he has been subjected to "excessive commissary restrictions" of eight hundred days in relation to a prison disciplinary proceeding. (*Id.* at 6.) Second, Petitioner seeks to challenge the BOP's refusal to transfer Petitioner out of prison and into a medical facility as Petitioner believes he is dying. (*Id.* at 6-7.) Essentially, Petitioner argues that his medical care at his current prison is insufficient as he has been given a wheelchair, but not someone to push him in that chair. (*Id.*) Petitioner does not otherwise explain his health issues, or why he believes the "grim reaper is in the backswing" of his life in prison. (*Id.*) Petitioner did not seek to exhaust his transfer or commissary claims prior to filing suit, instead stating that he only attempted the early steps of the process as his "health makes administrative exhaustion nearly problematic." (*Id.* at 6-8.)

II.    **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss

summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. **DISCUSSION**

In his current petition, Petitioner seeks first to challenge an "excessive" commissary restriction placed upon him in response to an unspecified prison disciplinary proceeding. As habeas jurisdiction exists only to challenge the fact or duration of a petitioner's sentence, or the execution of a sentence which affects the length of a petitioner's sentence, habeas may not be used as a means to challenge sanctions that do not impact the fact or length of the petitioner's detention. *See, e.g., Futch v. Grondolsky*, No. 08-4378, 2008 WL 4560710, at *2-3 (D.N.J. Oct. 8, 2008). Because challenges to commissary restrictions can have no effect upon the fact or length of an inmate's detention, they are not cognizable in a habeas petition. *Id.* This Court must dismiss Petitioner's challenge to his commissary restriction without prejudice for lack of habeas jurisdiction.

In his remaining challenge, Petitioner argues that he is being improperly denied a transfer to a facility with better medical capabilities. However, as this Court previously explained to Petitioner, this Court has no habeas jurisdiction to consider the BOP's decision to transfer, or not transfer, an inmate between facilities, even where the transfer in question relates to a prisoner's medical needs, nor may a habeas corpus petition be used to litigate conditions of confinement such as unmet medical needs in the absence of extraordinary circumstances. *See Michel v. Zickefoose*, No. 12-2653, 2013 WL 646079, at *2 (D.N.J. Feb. 21, 2013); *see also Magluta v. Fed. Bureau of Prisons*, No. 23-1261, 2024 WL 3014632, at *4-8 (M.D. Pa. June 13, 2024). Although the Court empathizes with Petitioner's fears, Petitioner has not shown the sort of extreme or extraordinary circumstances which would warrant this Court considering his medical-based claims in this habeas

matter. *See, e.g., Folk v. Warden Schuykill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023); *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020). Because this Court has no habeas jurisdiction to consider Petitioner's challenge to the BOP's refusal to transfer him to another facility, and must otherwise decline to exercise habeas jurisdiction over Petitioner's medical claims because he has not shown the necessary extraordinary circumstances, *see Goodchild v. Ortiz*, No. 21-790, 2021 WL 3914300, at *15-16 (D.N.J. Sept. 1, 2021), this Court must dismiss Petitioner's remaining transfer and medical claims for lack of jurisdiction.[1] *Id.* Petitioner may pursue his medical claims further at this time only through filing an appropriate prisoner civil rights matter.

### IV.     CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction. An order consistent with this Opinion will be entered.

                                                           Hon. Karen M. Williams,
                                                           United States District Judge

---

[1] Although this Court need not reach the issue because the Court must decline jurisdiction over this habeas matter, Petitioner's failure to administratively resolve his claims prior to filing his habeas petition would likewise require this Court to decline to hear his case. *See, e.g.,* 42 U.S.C. § 1997e(a) (court cannot hear claim regarding prison conditions unless and until the claim has been completely exhausted administratively); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996) (failure to administratively exhaust a claim "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice").